JOHN J. TUCHI
United States Attorney
District of Arizona
DAVID A. KERN
Assistant U.S. Attorney
Arizona State Bar No. 012027
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
david.kern@usdoj.gov
Attorneys for Plaintiff

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

     SEP 1 4 2009

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 09-1547-TUC-JMR(HCE) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Antonio Aguilar-Benitez | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count One of the Indictment charging the defendant with a violation of Title 31, United States Code, Section 5332, Bulk Cash Smuggling, a felony.

## ELEMENTS OF THE CRIME

The essential elements of Bulk Cash Smuggling are that:

a. The defendant knowingly concealed more than $10,000 in currency or other monetary instruments on his/her person or in any conveyance, article of luggage, merchandise, or other container;

b. The defendant knowingly attempted to transport and transfer such currency or other monetary instruments from a place within the United States to a place outside the United States, or from a place outside the United States to a place within the United States;

c. The defendant knew he was required to file a report of the amount of money he/she was attempting to transport with the Secretary of Treasury; and

d. The defendant intended to evade filing such a report.

As a sentencing factor, the government would be required to prove that the quantity of currency the defendant knowingly concealed was $ ~~200,000.00~~ *199,880.00*.

## TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

a. The maximum penalties for the offense to which he is pleading are a fine of $250,000.00, a term of not more than five (5) years imprisonment, or both, and a one (1) year term supervised release.

b. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

c. Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

d. Pursuant to Title 21, United States Code, Section 862a, defendant will not be eligible for either assistance under programs funded under Part A of Title IV of the Social Security Act (Temporary Assistance for Needy Families) or benefits under the Food Stamp

program. In addition, any benefits to defendant's family under these programs will be reduced.

2. **Cooperation Required**. The defendant will cooperate with the United States on the following terms and conditions.

    a. Defendant shall waive the Fifth Amendment privilege against self-incrimination and shall provide truthful information in any and all interviews given to representatives of the United States Government, and shall testify completely and truthfully at any time and any place requested by the United States, including at any state or federal grand jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, civil and criminal trial, retrial or post-trial hearing. The defendant agrees to answer all questions on direct, cross-examination and redirect examination truthfully and completely.

    b. All such information and testimony shall be truthful, honest, candid, and complete with no knowing material false statements or omissions. Such information and testimony shall include all criminal activity known to the defendant.

    c. Defendant shall be available for interviews by attorneys and law enforcement officers from the government upon request and reasonable notice.

    d. Defendant shall provide the United States with all documents, records, memoranda and the like, at the request of the United States, within the defendant's custody and control or to which the defendant has access which are related to the subject matter of the investigation or case.

    e. Defendant shall neither attempt to protect any person or entity through false information or omissions nor falsely implicate any person or entity.

    f. Nothing in this agreement requires the United States to accept any cooperation or assistance the defendant may choose to proffer. The decision whether and how to use any information and/or cooperation that defendant provides is in the exclusive reasonable discretion of the United States Attorney's Office.

  g. Defendant shall not violate any local, state, federal or foreign laws.

  h. The defendant shall also provide all information concerning all forfeitable assets. Moreover, defendant shall identify all assets subject to forfeiture and shall transfer such property to the United States by delivery, to law enforcement agents designated by this office, of all necessary and appropriate items and documents under defendants custody and control before the sentencing date.

  i. Defendant shall not knowingly contact any person who has been criminally charged in any forum, except any family members of the defendant regarding innocent family matters, without prior approval of the government through its agents.

  j. Self-incriminating information provided by the defendant during cooperation involving criminal activity, other than conduct involving the death of another, for which the defendant has not been or will not be charged pursuant to this agreement will not be used against the defendant and in particular will not be used in determining defendant's applicable guideline range pursuant to Section 1B1.8 of the Sentencing Guidelines.

  k. Nothing shall limit the United States' methods of verifying the truthfulness of defendant's statements. The United States may confirm the accuracy of any information which defendant provides under the terms of this agreement by use of any investigative means which it deems appropriate and necessary. Whether there has been a complete, truthful and candid disclosure by the defendant, shall be evaluated and decided solely by the United States Attorney for the District of Arizona.

  l. The sentencing on the guilty plea will be deferred, with consent of the court, from time to time upon recommendation of the United States. It is the intention of the parties that sentencing on the instant charges be postponed until such time as defendant's cooperation has been completed. It is the intention of the parties that the period of cooperation shall extend through the defendant's period of incarceration and subsequent supervised release, if any.

3. **Agreements Regarding Sentencing.**

   a. At the conclusion of defendant's cooperation, pursuant to this agreement, the United States will in its sole discretion, at the time of sentencing, move pursuant to Title 18, United States Code, Section 3553(e), Title 28, United States Code, Section 994(n) that the court depart from the Guidelines and impose a sentence below a level established by law as the minimum sentence to reflect defendant's substantial assistance in the investigation and prosecution. The United States is free to make a recommendation to the court of a particular sentence. The freedom to make a sentencing recommendation is not a request either for or against a sentence of probation.

   Defendant understands that while the court may take the defendant's cooperation into account in determining the sentence to be imposed, the court is neither a party to nor bound by this agreement and specifically the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has plead. Defendant further understands that if the court imposes a sentence different from what the United States recommends, the defendant will not be permitted to withdraw the guilty plea.

   b. If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

   c. This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement.

4. **Breach of the Agreement.**

   If the defendant fails to comply with any obligation or promise pursuant to this agreement, the United States:

//

  a. May, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (6) below and the defendant understands that the defendant shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

  b. May prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

  c. May argue for a maximum statutory sentence for the offenses to which defendant has pled guilty;

  d. May use in any prosecution any information, statements, documents, and evidence provided by defendant, both before and after the plea agreement to include derivative evidence.

  e. May advise the Bureau of Prisons that defendant is no longer a cooperating witness, and recommend redesignation of defendant to a higher custodial level.

5. **<u>Waiver of Defenses and Appeal Rights</u>**. Defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

6. **<u>Perjury and Other False Statement Offenses or Other Offenses</u>**. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

7. **<u>Reinstitution of Prosecution</u>**. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant

for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f).

8. **Disclosure of Information to U.S. Probation Office**.

   a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

   b. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

   (1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

   (2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

   (3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

   (4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

9. **Agreement as to Forfeiture**

   a. Defendant, Antonio Aguilar-Benitez, knowingly and voluntarily agrees to forfeit all right, title and interest in: $~~200,000~~ *194,880.00* in U.S. Currency and a 1974 Ford Courier pickup, VIN SGTAPJ31310.

b. Defendant knowingly and voluntarily agrees not to pursue any filed claims, and to waive all interest in the asset listed above, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

c. Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure, Rules 7 and 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

e. Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

f. Defendant warrants that he is the owner or has an interest in the property listed above, and knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed asset covered by this agreement.

g. Defendant knowingly and voluntarily agrees and understands the forfeiture of the asset listed above shall not be treated as satisfaction of any assessment, fine,

//

restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

## FACTUAL BASIS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On June 23, 2009, the defendant, Antonio Aguilar-Benitez, attempted to exit the United States of America at the Mariposa Port of Entry in Nogales, Arizona and enter the Republic of Mexico. The defendant was asked by U.S. Customs and Border Protection Officers if he had any currency over $10,000 or other contraband to declare. The defendant replied in the negative. A subsequent search of the defendant's vehicle, a 1974 Ford Courier, revealed $~~200,000~~ in U.S. Currency concealed in the dashboard/front fenders. The defendant admitted that he knew the vehicle contained currency and that he was going to be paid $1,000 to transport the items from Phoenix, Arizona to Nogales, Sonora, Mexico.   x $199,840.00

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range

of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant

//

or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

9/14/09
Date

Antonio Aguilar-Benitez
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9-14-09
Date

Jennifer Maldonado
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN J. TUCHI
United States Attorney
District of Arizona

9-14-09
Date

David A. Kern
Assistant U.S. Attorney